**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Case No. 17-03063-01-CR-S-RK** |
| | ) | |
| **Plaintiff,** | ) | **Springfield, Missouri** |
| | ) | **February 26, 2018** |
| **v.** | ) | |
| | ) | |
| **DAVID A. NELSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**TRANSCRIPT OF HEARING ON CHANGE OF PLEA BEFORE THE HONORABLE DAVID P. RUSH UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | Mr. Nhan D. Nguyen<br>Assistant United States Attorney<br>901 St. Louis St., Ste. 500<br>Springfield, MO 65806<br>(417) 831-4406 |
| For the Defendant: | Ms. Ann M. Koszuth<br>Federal Public Defender’s Office<br>901 St. Louis St., Ste. 800<br>Springfield, MO 65806<br>(417) 873-9022 |
| Court Audio Operator: | Ms. Karla Berziel |
| Transcribed by: | Rapid Transcript<br>Lissa C. Whittaker<br>1001 West 65th Street<br>Kansas City, MO 64113<br>(816) 914-3613 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

(Court in Session at 9:28 a.m.)

THE COURT: Calling in *United States vs. David Nelson*. The defendant appears in person along with his attorney, Ms. Ann Koszuth. The United States appears by Assistant United States Attorney, Mr. Nhan Nguyen. This matter is set this morning for a change of plea to the Indictment returned against this defendant on May 10th of 2017. Mr. Nelson, you have signed a consent to have these proceedings for a plea of guilty before a Magistrate Judge, with the understanding that a United States District Judge, a judge of higher jurisdiction, will keep your case for acceptance of the plea of guilty and sentencing. Even though you signed this consent you have a right, if you wish, to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings. At any appearance before the District Judge, you're presumed innocent until such time, if ever, as the Government establishes your guilt beyond a reasonable doubt to the satisfaction of the judge or jury. You always have a right to be present and to confront and cross-examine witnesses. You have a right to use the power of the court to subpoena evidence on your behalf and you have a right to testify or not testify as you would choose. And if you chose not to testify it would not be held against you as that is your right. If, after understanding the charge against you, the range of punishment, if convicted, and your right to appear before a District Judge, if you wish, you may waive or give up that right

and proceed this morning before the Magistrate Judge. As I indicated, you have signed such a consent. Do you understand that you have a right to appear before a United States District Judge, a judge of higher jurisdiction, for these proceedings?

MR. NELSON: Yes, sir.

THE COURT: And I'm going to ask you just to speak up a little bit. I can hear you but it's being recorded and transcribed, so if you'll just speak up. I know you --

MR. NELSON: Yes, sir.

THE COURT: All right. Thank you. And is it your desire to give up that right and proceed this morning before the Magistrate Judge?

MR. NELSON: Yes, sir.

THE COURT: Again, I can hear you. You're going --

MR. NELSON: Yes, sir.

THE COURT: Yeah, you just have to speak up. You're very soft-spoken. Do you understand the charge against you in the Indictment in this case?

MR. NELSON: Yes, sir.

THE COURT: Do you understand that if convicted of the charge in the Indictment, that the maximum penalty the court may impose is not more than 10 years imprisonment, not more than a $250,000 fine, not more than three years supervised release, and a $100 mandatory special assessment?

MR. NELSON: Yes, sir.

THE COURT: To the charge in the Indictment, how do you wish to plead, guilty or not guilty?

MR. NELSON: Guilty.

THE COURT: Would you please raise your right hand as best you can?

DAVID A. NELSON, DEFENDANT, SWORN

THE COURT: Has anyone made any threat of any kind to force you to plead guilty or give up any of the rights that we've discussed this morning?

MR. NELSON: No, sir.

THE COURT: Has anyone promised you anything to induce you or overcome your will to get you to plead guilty or give up any of the other rights we've discussed?

MR. NELSON: No, sir.

THE COURT: I mentioned to you that there was a supervised release term of not more than three years that could be imposed in your case. Do you understand that if that term were imposed and then revoked for any reason, that you could be required to serve an additional term of imprisonment of not more than two years, and if that happened, you would receive no credit for any other time you had spent either in custody or on release?

MR. NELSON: Yes, sir.

THE COURT: Do you understand that the court could then impose an additional term of supervised release, which is governed by the maximum of the statute, minus any time you'd

spent in custody as a result of a violation?

MR. NELSON: Yes, sir.

THE COURT: Do you understand that from a sentence imposed in your case that there is no parole?

MR. NELSON: Yes, sir.

THE COURT: Do you understand that there are Sentencing Guidelines to which the District Court would refer to in an advisory capacity when attempting to fashion a reasonable sentence in your case?

MR. NELSON: Yes, sir.

THE COURT: Have you discussed the guidelines with your attorney?

MR. NELSON: Yes, sir.

THE COURT: And do you understand them?

MR. NELSON: Yes, sir.

THE COURT: Do you understand that the final decision as to how the guidelines are calculated and ultimately what sentence will be imposed rests with the District Judge?

MR. NELSON: Yes, sir.

THE COURT: If the District Judge would calculate the guidelines differently from what you've discussed with your attorney, that fact would not give you the right to withdraw or change your plea of guilty. Do you understand that?

MR. NELSON: Yes, sir.

THE COURT: Once the District Judge establishes the

advisory guideline range, in some circumstances, you could be sentenced above that range and, in other circumstances, you could be sentenced below that range. And again, the judge's decision, if you disagreed, would not give you the right to withdraw your plea of guilty. Do you understand that?

MR. NELSON: Yes, sir.

THE COURT: Now, Mr. Nelson, you have a right to a trial by jury with all the protections that I explained to you at the beginning of these proceedings. Do you understand your right to a trial by jury?

MR. NELSON: Yes, sir.

THE COURT: And do you understand that if the court accepts your plea of guilty that there won't be a trial?

MR. NELSON: Yes, sir.

THE COURT: Now, I'm going to ask you about the offense charged in the Indictment. I would remind you that you are under oath. You must answer truthfully. Any false answers could result in charges of false swearing or perjury. You always have the right to remain silent. And I want you to listen carefully because I'm going -- in a moment going to ask the attorney for the United States to state for the record the evidence that he believes that he could present at trial to prove or establish your guilty beyond a reasonable doubt to the satisfaction of the judge or jury. After he's finished, I'm going to ask you if you, in fact, did the things that he's stated for the record that he

states for the record that he can prove. Mr. Nguyen?

MR. NGUYEN: Thank you, Your Honor. If this case were to proceed to trial, the Government would prove beyond a reasonable doubt that on December 21st of 2016, at approximately 6:57 a.m., Greene County Sheriff's Officer Corporal Andrew Webb observed a vehicle which had been reported stolen traveling southbound on West Bypass Expressway in Springfield, Missouri. The corporal activated his emergency equipment and attempted to stop the vehicle. After a short pursuit, Corporal Webb discontinued the chase in conformity with departmental policies. Shortly thereafter Corporal Webb was advised that the vehicle had pulled into the driveway of a nearby residence and three occupants of the vehicle fled from the vehicle on foot. Corporal Webb located a male subject, later identified as the defendant in this case, David Nelson, who he recognized as the driver of the vehicle standing in the backyard of a home located at 3125 West State Street. The corporal ordered Nelson to get on the ground prompting Nelson to run from the area. The corporal noted that Nelson was carrying an object coated with camouflage paint and wearing a backpack. Nelson was found moments later after an individual alerted the police that Nelson had hidden himself in his shed. Nelson was placed under arrest. Corporal Webb conducted a search of the shed from which Nelson had emerged and located a Ruger Model P95DC .9mm pistol, Serial Number 31252768; a Hi-Point Model CF380 .380-caliber pistol bearing Serial Number

P800279; a camouflage Mossberg Model 751 .22-caliber rifle bearing Serial Number EL83340276; and, a Beretta Model Tomcat .325-caliber pistol bearing Serial Number DAD278841.  The Hi-Point pistol was located in the same backpack that Nelson had been wearing during the pursuit.  The owner of the shed confirmed that the firearms did not belong to him.  The defendant had been previously convicted of aggravated assault in the state of Tennessee, and being a felon in possession of a firearm, and conspiracy to manufacture methamphetamine in a United States District Court for the Western District of Tennessee.  Those crimes are punishable by terms of imprisonment exceeding one year.  The firearms in question were manufactured outside of the state of Missouri and were operational at the time.  And that would conclude the Government's evidence if this case were to proceed to trial.

THE COURT:  And, Mr. Nguyen, I know you indicated that the stop was made by a Greene County Sheriff's Deputy, but did that stop occur in Greene County or did this encounter occur in Greene County, Missouri?

MR. NGUYEN:  Yes, Your Honor.  The stop occurred on West Bypass Expressway in Springfield, Missouri.

THE COURT:  All right.  Thank you.  Mr. Nelson, you've listened to the evidence regarding the Government's case.  Did you, in fact, do the things that he's stated for the record and did you, in fact, possess the firearms noted for the record?

MR. NELSON: Yes, sir.

THE COURT: Ms. Koszuth, you've had access to the Government's discovery file in this case, have you not?

MS. KOSZUTH: Yes, Your Honor.

THE COURT: And based upon your review of the discovery file, are you satisfied if put to proof, that the United States could make a submissible case as to all the elements pertaining to the Indictment as set forth in the Factual Basis?

MS. KOSZUTH: Yes, Your Honor.

THE COURT: There is an adequate factual basis for the plea of guilty to the Indictment. I find that the plea is voluntary and did not result from force, threats or promises. Mr. Nelson, you are represented in this case by Ms. Koszuth. Have you had enough time to talk with her about your case?

MR. NELSON: Yes, sir.

THE COURT: Are you satisfied with the advice that she's given you?

MR. NELSON: Yes, sir.

THE COURT: The law requires me to ask you if this morning you are on any medication prescribed by a physician or any drugs or alcohol of any kind which would affect your ability to understand these proceedings?

MR. NELSON: I am on prescribed medication for PTSD. I'm on Celexa.

THE COURT: And does that medicine in any way affect

your ability to understand what we've done here today?

MR. NELSON: No, sir.

THE COURT: And, Ms. Koszuth, I know you've interacted with the defendant throughout his case. Based on your interaction previously and then today is there any doubt in your mind that the medication he takes does not affect his ability to understand these proceedings?

MS. KOSZUTH: No, Your Honor.

THE COURT: Well, understanding that, Mr. Nelson, and the other matters that we've discussed this morning, is it your desire for the court to accept the plea of guilty?

MR. NELSON: Yes, sir.

THE COURT: Mr. Nguyen, on behalf of the United States, do you have any other record under Rule 11 that you think I need to make?

MR. NGUYEN: No, Your Honor. Thank you.

THE COURT: Ms. Koszuth, on behalf of the defendant, do you have any other record under Rule 11 that you think I need to make?

MS. KOSZUTH: No, Your Honor.

THE COURT: I will recommend the plea of guilty be accepted and I will order a Presentence Investigation to be conducted by the Probation Office. Mr. Nelson, good luck to you, sir. With that, we'll be in recess.

(Court Adjourned at 9:39 a.m.)

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceeding in the above-entitled matter.

/s/ Lissa C. Whittaker — March 4, 2018

Signature of transcriber — Date